Good afternoon. I'm Judge Gould. I'm delighted to be sitting with Judge Clifton and Judge Miller today, and we particularly appreciate the advocates braving the hazards of pandemic to be with us and to help us today. The first case on our argument calendar is Sheets v. City of Winslow, and for the appellant we have Frank Meade, and for the appellee we have Kylie Tenbrook. So this case is set for only 10 minutes per side, and if the appellant would like to make a rebuttal argument, please stop before all your time has been used up as that clock goes backwards and then it starts to go up. But if either of you need a little extra time, I'm a softy during pandemic, so just ask for it. Okay, without further ado, Mr. Meade can proceed. Thank you, Judge Gould. Good afternoon, members of the panel. My name is Frank Meade, and I represent the appellant Roberto Sheets. Roberto is a former police officer for the City of Winslow, Arizona. Roberto filed this appeal because we believe the district court erred when it dismissed Roberto's second amended complaint alleging racial discrimination in connection with the termination of his employment. There are two broader concepts that underpin the issue that we raised on appeal, and the first is whether Roberto met the federal pleading standard in his second amended complaint. We believe the answer to that question is yes. The second concept is even if this court were to conclude the complaint could include more facts to make Roberto's entitlement to relief more than the district court error by refusing amendment and finding that further amendment would be futile. We believe also that the answer to that question is yes. I know the panel has read the briefs. I'm not going to spend any time going back through the facts. I'll start with why we believe Roberto met the pleading standard. Looking at this court's opinion in Star v. Baca, the court laid out really what we view as a two-pronged analysis or test, and when alleging a claim for racial discrimination under Title VII the way that Roberto did, the complaint has to allege sufficient allegations underlying the facts that would provide the city with fair notice of what it was being sued for. We believe that the complaint met that standard. The second prong or the second element is do those facts, if accepted as true, do they plausibly suggest an entitlement to relief? We believe that standard was met as well. The district court focused on reviewing the district court's order dismissing the second amended claim on the final element of the claim that had to be alleged, and that is whether Roberto was similarly situated with a Caucasian police officer, in this case that police officer's name was Austin Shipley. We went through in the second amended complaint and tried to compare and contrast the similarities between the officers and the differences in the manner in which they were treated. You put in, if I may interrupt there, you put in quite a lot of detail about Officer Shipley, but very little detail about your client. And of course, one can't say the two things are similar without knowing what both of them are. And so I guess my question is, what, I mean, you say that in the complaint that your client was terminated for an alleged willful policy violation, but what specifically was he alleged to have done? He, thank you, Judge Miller, he was alleged to have, in my client's view, he inadvertently disclosed the identity of a confidential informant without knowing it. And so when he was terminated, he was terminated for that policy violation as well as failing to meet the terms of his probation, which under the complaint, we allege he should have been through by that time. Anyway, that shouldn't have been a basis because of the way that they manipulated the internal human resources forms. So why didn't you say that? I mean, in the complaint or even in the briefing? I mean, you that that's a fact that we're hearing today, but you haven't said that anywhere until now. Why not? Well, if we didn't, Judge, I thought we did. We may not have. You've studied the briefs. But the issue was comparing, he was terminated for a willful policy violation, and you have another officer. Again, Judge, as a matter of context, I do think context matters. This is a small town police force. This is not a large city with hundreds of officers. It is a small town police force. He's alleged to have committed a willful violation. There's another police officer from before and after these events is engaging in what we would characterize under the city's controlling documents, willful violations, and is being treated differently. And Judge, I guess, go ahead. I'm sorry. I didn't mean to cut you off. Let me interject, if I could. By the way, we might have sat in the wrong seats on my sides, but this is Judge Clifton on my left, and that's Judge Miller on my right. So I don't know what you're each reading when you see us. But that is Judge Clifton there, and Judge Miller. Now, as to your argument here, your complaint was amended at least once, right? It was, Judge. We amended it once in the good faith consultation process prior to a motion to dismiss being filed. And then after the judge granted that first motion to dismiss, we had one other opportunity. And the district court commented specifically on what he thought was direction in the dismissal order for the first amended complaint as to what had to be done and declined to give further leave to amend the second amended complaint because of his understanding. Well, I told you what to do the first time and you didn't do it. So enough already. How many bites of the apple? So that's the second issue identified. What do you have to say to that? Yes, Judge. Thank you for raising that. And if you recall, the judge, the district court cited an unpublished opinion or an opinion that the plaintiff in that case was given three opportunities to amend. And I'm not suggesting that there's a bright opportunity or I'm sorry, a bright line or a certain number that a litigant should be entitled to amend. But factually, it was also different as well. And I believe that the dismissal as the advocate was directed at what the district court perceived was the advocate's either unwillingness or inability to follow the judge's roadmap. That that isn't the case. We believe that we should have had an opportunity to amend at least one additional time. The facts that we've got to tell you, we don't keep giving do overs. What happened here is pretty common. And if he's correct in his observation, look, I told you what you needed to do and you didn't do it enough already. That usually stays that way. So you need to did honestly respond to the directions that were given to be entitled to another shot. Yes, Judge, we again, we in good faith believe that we follow the judge's roadmap, the judge's roadmap. There's a there's a pleading standard. And then there was the judge's roadmap. And we're trying to satisfy both. And the the issue in the cases where that the judge relied on the the Bacidas Bacidas case, and the other authority in those cases, when somebody is when a litigant is prevented from amending again, it's a result of simply, at least based on my review, case law of simply reciting the statutory elements of a cause of action. And that's not what happened here. We amended we amended in good faith, we did allege more facts. It just didn't satisfy what I believe the judge thought, as you told me to do. But that that should not be held against a litigant who has good faith claims, who has alleged facts far beyond the statutory elements. And as we pointed out in our reply brief, would have the ability to allege the additional facts that would satisfy the judge's roadmap. And we believe the requisite pleading standard that's in play in this case. Well, that the second amended complaint does contain specific, a specific reference to his officer Shipley, was that his name, who you identify as as the comparison and, and state something about allegations or claims made with regard to Officer Shipley. As Judge Miller raised, it seems to be a little less discursive with regard to your client. Is there anything you would point to that would suggest to us that in fact, enough facts that make plausible the allegation that the two officers were similarly situated, enough facts are contained in the second amended complaint? Yes, Judge, and that is information that is at page five of our reply brief. The additional facts that Roberto would allege is that he and Officer Shipley shared the same supervisors. They were shared the same duties and responsibilities as police officers on the same police force. They were subject to the same disciplinary system and procedures when facing alleged infractions or misconduct. And they were treated differently based on their race. Are any of those contained in the second amended complaint? We believe, Judge, paragraph 17 and 18, comparing those two paragraphs, is the trust of that comparison. Okay. Counsel, you've used up all your time, but I'm going to give you an extra two minutes for arguing on a rebuttal. Thank you. Okay, Ms. Tenbrock. Good afternoon. May it please the court, my name is Kylie Tenbrock and I represent the city of Winslow. The district court properly dismissed plaintiff's second amended complaint with prejudice. Plaintiff has had three opportunities to properly plead his race discrimination claims. First, an initial complaint, first amended complaint, and a second amended complaint. And as was noted by the court when Mr. Amid was speaking, in its order dismissing the first amended complaint, the court provided plaintiff with a detailed roadmap of the facts he needed to plead his claims. In particular, the court explained the requirement to either plead the similarly situated element of the claim or to plead other facts giving rise to an inference of discrimination. Despite this guidance, the second amended complaint alleges little more than plaintiff belongs to a protected class and something bad happened to him. These are the exact type of unadorned, the defendant unlawfully harmed me, allegations that Iqbal says are Iqbal arose in a context where the claim itself was perceived by the court as being not very plausible. Allegations that I guess the attorney general and head of the FBI were themselves personally involved in a conspiracy. The claim here on its face doesn't seem quite as unlikely. The claim here on its face doesn't seem quite as likely. What more was really required to put the city on fair notice of what the claim was? What was required is something to make it plausible that race discrimination existed. Well, let me stop you right there. Is it implausible that there would be race discrimination against somebody of Mexican ancestry in Arizona? Doesn't strike me as particularly implausible at all. That's not implausible. However, here we don't have the facts that make it plausible that he was subject to discrimination based on his race. We need additional facts. And to just jump from the fact that he was a member of a protected class to the fact that he had something bad happen to him, there's nothing in between that's explaining why that would happen. And he's based his entire claim on the similarly situated element, which means that he has to show that they're similarly situated in all material respects. And the case law is pretty clear that that is, have similar jobs and engage in similar conduct of comparable seriousness. Mr. Meade now suggests that they can amend the complaint to add job duties, same supervisor, and same disciplinary systems, but that doesn't resolve the issue of what conduct the plaintiff engaged in. And frankly, when you look at it, the conduct that the plaintiff engaged in was the same as confidential informant being relocated and met a state agency refusing to work with the city of Winslow. Nothing about that is comparable to what he alleges Mr. Shipley did, which is made up primarily of accusations and not sustained policy violations. Now, did the city of Winslow not know what the allegations against the plaintiff were? I mean, plainly, it must have because it took action based on it, correct? Yes, it did. And if the pleading standards intended to put defendant on fair notice of the claim, what exactly was there that you just described the city did not already know? Well, the city did know. However, the pleading standard is there in order to allow the court to screen the complaint to tell whether there is an actually plausible claim here. Wait, let me stop you there. Do you think the court actually screens complaints? If you hadn't brought a motion to dismiss, do you think screening the complaints to see if they pass some standard? I've got to assure you that unless the plaintiff is a prisoner, that's not the case. That's not how it works. It's your motion to dismiss that teed the issue up and caused this. But if your client knew already what you're saying was missing the complaint, I'm still not sure why it is that more than one of the allegations is what unlocks the door to discovery. And the Iqbal Twombly standard is there so that these kinds of complaints, where if properly pled, would not survive a motion to dismiss. Here, if he were to plead the factors that we know, because we know the circumstances, that if he were to actually plead what is necessary to reach the standard of Iqbal Twombly, that this complaint would not go forward. But you haven't posed that question either to the district court or to us. You haven't come in and detailed what the allegations against plaintiff were to justify the differential treatment. Indeed, until Judge Miller asked the question a few minutes ago, we really didn't know what the allegations against plaintiff were, because plaintiff hadn't bothered to tell us in either the pleadings or the briefing. And so, okay, I can get that. But that suggests that the court screens out or reviews based on substance, on merits, that in fact these officers are not similarly situated. Instead, we're sitting here in a pleading exercise not asking ourselves that question, but asking ourselves, well, did the city know enough to be able to proceed with the case? And so far, I haven't heard anything that suggests the city didn't know enough. And so why is this Well, first, I don't believe that it would be the city's obligation to bring forward those facts, nor would it be appropriate at the motion to dismiss stage. And so the fact that they have not pled it is why we filed the motion to dismiss. But that doesn't answer my question. Why, if in fact the city knew what it needs to know, should we be saying why the plaintiff was treated differently because of the seriousness of the charge against him, not making him similar to Officer Shipley? But that's not the question that's posed to us right now. Now we're sitting here trying to grade the paper of the pleading, which seems okay. There's law out there that might support that, but hardly a very satisfying way to resolve the case, which could be resolved on the merits. So why should we resolve it now? Judicial economy, Your Honor. It's a matter of judicial economy, and I think that that's what was set forth in Iqbal and Twombly, was that you need to have facts that support your claims in order to get to unlock the doors of discovery. And so this is a matter of judicial economy, it's a matter of economy for my client. And you think there were facts missing here, even though the city knew those facts? Yes, those facts have not been sufficiently pled. Counsel, Judge Gould, if I may interject a question please. What, if anything, is the prejudice to the city of Winslow if we were to send this back and tell the court that it should permit an appellant a chance to amend again? The prejudice is that the amendment would be futile. He's been given two opportunities before the court to plead the actual facts that need to be pled. And frankly, as far as undue delay or anything like that, it wouldn't be prejudicial, but here we know that plaintiff can't plead those facts. And we know that he hasn't done so yet because it would absolutely be unjustified. And so if we establish that those two are not similarly situated, we would end up with another motion to dismiss and doing this exercise all over again. Will we be doing that exercise on a complaint that was more detailed? Perhaps, but those details wouldn't give rise to a situation where they are similarly situated. Okay then, what again, you're saying his policy violation, a willful violation was to disclose the name of an informant? He disclosed the name of an informant to a private citizen, and it resulted in the confidential informant's wife being kidnapped and physically threatened. And then that confidential informant was burned, and a state agency refused to work with the city for a period of time because of that conduct. That confidential informant had to be relocated. It was to great expense to the city and to the state agency they were working with to remedy that situation, especially when it came to the kidnapping of the wife. Okay, thank you, counsel. And then if I may, I just would like to say with regard to the leave to amend for further complaint, the district court had particularly broad discretion to deny since Mr. Meade had an opportunity to previously amend his complaint, and therefore we ask that you affirm dismissal of the second amendment complaint and the district court's decision to deny leave for further amendments. Okay, thank you, counsel. And now Mr. Meade, we're giving you an extra two minutes for your rebuttal. Thank you, Judge, and I'll try to use less than that if I can. I think Judge Clipton's comments about resolving the case on the merits touches on a theme that we addressed in both of our briefs. With quickly on the issue of futility, we also spent some time in detail in the reply brief explaining why the amendment would not be futile. Normally an amendment, and this is citing 9th Circuit and then 11th Circuit case, an amendment rather is futile if it's barred by the statute of limitations, if it seeks to add a claim that's not recognized by law, if a party has been procedurally defaulted, and we add some additional. None of those factors apply. The complaint in this case, if given the opportunity to add more detail, we will do so. As it stands in the current format, the complaint states far more than a simple recitation of the elements, and that is the spirit of an appropriate, in our view, dismissal with prejudice of a complaint. But let me jump ahead just a second, because the piece that's missing from your complaint, as Judge Miller got to real quickly, is perhaps the critical piece here. If, in fact, it turns out that the reason for your client's dismissal was what was described to us, it seems to me there may be a hard case to make for discrimination based on a similarly situated officer, Shipley, because they don't sound particularly similar. So even if you are given an opportunity to plead, you may want to take a real hard look at what that claim is going to look like. If pled that way, then it's going to get challenged right away, and I'm not sure that the challenge wouldn't be successful. I don't know if you're going to be given another opportunity to re-plead, but boy, that sounds like a pretty substantial difference. And I understand that, Judge, but in your point, we're at the pleading stage. We have not received a response of pleading. We haven't received that information that you heard for the first time at oral argument in an answer or in any other pleading. It's the first time that you've heard it. But it wouldn't be the city's job to put that into an answer, right? They can't add facts to the complaint without turning it into a motion for summary judgment, and then you get to take discovery. And I think the question is, why should a plaintiff be able to leave out of the complaint facts that would show that the people weren't really similarly situated? And then having omitted that information from the complaint, then they get to go on and take discovery and avoid a motion to dismiss. That seems like a strange rule, doesn't it? It does, Judge, and that wasn't the spirit of my thought or my comment in response to Judge Clifton's question. The issue is, if that information is included, when it's included, if we have the opportunity to amend, the city has to respond to it. But at that point, it's going to likely be a merits-based challenge. That information wasn't omitted because we didn't want to deal with the fact. We thought that we had met the standard. That's why that information isn't as clear as it could be, not because we were attempting to avoid some negative response. Well, maybe, but I got to say, your brief highlighted the allegations against Officer Shipley. And the immediate question I ask myself is, okay, how does that compare against the allegations leveled against your client? Only those were never given to us. So maybe it was an accidental omission, but I think on some level it sounded pretty intentional, and it's not a very flattering comparison. So you should think about, if you're given the opportunity, where this case could possibly go. Thank you, Judge. Okay. Unless one of my colleagues has further questions, I have none. And therefore, Sheets v. City of Winslow shall be submitted at this time. And I again thank counsel on both sides of the case for their spirited and skillful arguments and for braving the hazards of coronavirus to help the court out. Thank you. So, Stacey, that case should be submitted.
judges: Gould, Clifton, Miller